[PHILADELPHIA, MARCH 30, 1827.]

## CARLYLE *against* CANNON and Others.

Devise to " my nephew *J. C.* and his four children, and also to *W. R.* to be equally divided between them during their natural lives and afterwards to revert to the male heirs in a lineal descent of my nephew *J. C.* whose male heirs are only to possess my estate in tail, and their male issue who bears the name of *C.* forever." *W. R.* died *before.* and *J. C.* the nephew, *after* the testator. The plaintiff was the eldest son and heir of the said *J. C.* the nephew : *Held*, that the plaintiff took five-sixth parts as tenant in tail in remainder, and the one-sixth part of *W. R.* by way of executory devise, and upon the events which had taken place, was entitled to the possession of three-sixth parts immediately.

A devise of the third part of the proceeds of an estate, is equivalent to a devise of a third part of the estate itself.

THIS was an action of ejectment for three undivided sixth parts of certain houses and lots in the city of *Philadelphia*, in which a verdict in favour of the plaintiff had been entered at *Nisi Prius*, subject to the opinion of the Court on the construction of the will of *Alexander Carlyle.* The facts agreed were, that *William Renew*, therein mentioned, died *before* the testator, and *John Carlyle* the testator's nephew *after ;* and that the plaintiff is the eldest son and heir of the said nephew. The defendants were tenants under the surviving executor.

The following is a copy of the will, viz.

In the name of God, Amen. I *Alexander Carlyle* of the city of *Philadelphia* in the state of *Pennsylvania*, tanner, being far advanced in years, through the blessing of God favoured with tolerable health, and of sound mind and memory, but considering the uncertainty of of life, and the certainty of death, do make and publish this my last will and testament, in manner following, that is to say,

*First.* I commend my soul to God, who gave it, through the mediation of our Lord and Saviour Jesus Christ; and my body I recommend to the earth, to be buried at the discretion of my executors herein-after-named; and in order that the division of my estate may be better understood, I think proper to make the following declaration, to wit : I was born in *Castle-bank* near *Egglefeckan*, about ten miles from *Dumfries*, in *Scotland*, which place I left when young, and served my time in *England* in the trade of a tanner, before I came to *America.*

*Item.* I give and bequeath to my sister *Jane Renew*, and her blind daughter *Jane*, one third part of the nett proceeds of all my real and personal estate during the natural life of the survivor of them, that is to say the one third part of the interest of the whole of my real and personal estate during the time aforesaid.

*Item.* I give and bequeath to my housekeeper *Margaret Alexander*, of the city aforesaid, the house I now live in, being No. 81, South *Fifth* street, during her natural life, together with all the household goods therein at the time of my decease. And also I give and bequeath

unto *Margaret Alexander* one hundred dollars per annum during her natural life, the said one hundred dollars to be paid quarterly, during the time aforesaid, the same to be reserved out of my estate, by my executors for the purpose aforesaid..

*Item.* All the rest residue and remainder of my estate real personal and mixed of what nature soever, I give, devise, and bequeath as follows (excepting nevertheless the house which I have left my housekeeper *Margaret Alexander,* which is disposed of as herein after mentioned) to my nephew *John Carlyle,* the grandson of *William Carlyle,* and his four children, namely, *John, William, Alexander* and *Rachel Carlyle,* and also *William Renew,* to be equally divided among them during their natural lives, and afterwards to revert to the male heirs in a lineal descent of my nephew *John Carlyle,* whose male heirs are only to possess my estate in tail, and their male issue who bears the name of *Carlyle* forever ; so that my estate may remain entailed to the surviving male issue of my nephew *John Carlyle* forever.

*Item.* I give and bequeath at the decease of my house keeper, *Margaret Alexander,* the house and lot which I have before bequeathed to her during her natural life, to my nephew *Alexander Carlyle* during his life, and after his decease to be equally divided, share and share alike among the other male heirs, during their respective lives forever.

And further I give devise and bequeath all my personal estate, and the proceeds thereof, to be equally divided among the devisees agreeably to the provisions heretofore made, share and share alike.

Lastly, I do hereby nominate and appoint my nephew *John Carlyle* of the district of Southwark, Cordwainer, *Thomas Dobson* of the city of Philadelphia, bookseller, and *Edward Lane* of the said city, accomptant, and the survivor of them, executors of this my last will and testament, also to be trustees of my real estate in the city of Philadelphia, or elsewhere, to rent and dispose of my estate, real and personal in such manner as I have heretofore declared and provided, until my respective heirs shall arrive and take possession of said estate, or empower some others so to do with full power and authority to said executors to rent my estate or any part thereof as aforesaid, for any term not exceeding one year, and receive the rents, issues and profits thereof.

In witness, &c.

The case was argued by *E. Ingersoll* and *Condy,* for the plaintiff, and by *Lowber* and *J. S. Smith,* for the defendants.

The opinion of the court was delivered by

DUNCAN J.—In this ejeetment the plaintiff claims to recover three sixth parts of the premises : that is his original sixth part, the sixth part devised to his father for life, who survived the testator, and the sixth part devised to *William Renew* for life, who died in testator's life time.

He contends that had all the devisees for life survived the testator,

(Carlyle *v.* Cannon and others.)

then on the death of the testator, he would have taken estate in a *special tail male,* there being an estate or estates of freehold to support the remainder to him, but by the death of *William Renew* in the testator's life, his sixth part must either fail, or go over by way of executory devise to the plaintiff; that *John,* the second of the name, (to distinguish him from his father) took the whole in *specialtail* by the devise to " my nephew *John Carlyle,* and his four children, namely, *John, William, Alexander* and *Rachel,* and to *William Renew,* for their lives, to be equally divided amongst them, and afterwards to revert to the male heirs in lineal descent of my nephew *John Carlyle,* whose male heirs are only to possess my estate in tail, and their male issue who bears the name of *Carlyle* forever, so that my estate may remain entailed to the surviving male issue of *John Carlyle* forever." *John* the present plaintiff is the heir male of *John* the first, the nephew of the testator.    *Mandeville's* case first settled that this would be a devise in *special tail male,* and the reasons are fully stated in *Fearne,* page 180 of the Philadelphia edition; for though the words heirs male of the body do not attach to the ancestor, but vest in the person answering the description of such special heir, they have a sort of equivocal or mixed effect; and though they give the estate to the special heir originally, and not through or from the ancestor, yet the estate which he so takes, has such a reference to the ancestor as to pursue the same course of succession, or the same estate of duration or continuance through the same heir, as if it had attached and descended from the ancestor.    Here the testator expressly and in words limits it to the surviving male issue of his nephew *John* forever, which same male issue is the plaintiff; and there can be no good reason why the high constable of this good city, should not be indulged in the gratification of his family pride, equally with the proudest baron, and make what is very usual in his native country, *Scotland,* a *Tailzie.*

To prove the second position, and I think it does prove it, the same authority, page 525, is referred to, and relied on, and the authorities cited, prove the rule to be, that wherever a contingent limitation is preceded by a freehold, capable of supporting it, it is a contingent remainder, and not an executory devise; but it is possible that the freehold so limited may by a subsequent accident become incapable of ever taking effect at all, as by the death of the first devisee, in testator's life time, in which case if the contingency has not then happened, it is held that where such subsequent limitation could not vest at testator's death, that is at the time when the will is to take effect, it goes over as if it had been limited, without any preceding estate of freehold; in which case when the subsequent limitation could not vest at testator's death, it should enure as an executory devise, rather than fail for want of a preceding freehold which had never taken effect.    But when the preceding freehold is once vested, no subsequent accident will make a contingent remainder operate as an executory devise.    From these well settled principles, it fol-

lows that plaintiff is tenant in tail in remainder of the five-sixth parts and takes the sixth part of *Renew,* by way of executory devise immediately, and on the events which have taken place, will be entitled to the possession of three-sixths immediately, unless there are other provisions in the will which postpone his right of possession. It is alleged that the trustees are to hold possession for the purposes of the will, to rent the whole, and pay over part of the rent to *Jane Renew* and her blind child, during their lives. This does not seem consistent with the intention of the testator. The trustees are empowered to rent and dispose of his real estate for one year, not exceeding that time, provided that the possession is to continue no longer than until his respective heirs shall arrive and take possession of said estate, or empower some one to do it for them. Here the plaintiff has arrived to take possession, and is entitled presently to the possession of three-sixths, except for the interception of the devise to *Jane Renew,* and her blind child. The devise of the one third part of the nett proceeds, in order to effectuate the intention of the testator, is equivalent to a devise of the estate itself, and the plaintiff is entitled at present, only to judgment for two-thirds of three sixths of the premises.        Judgment for plaintiff.