LOUISA A. BOWEN *vs.* AMELIA A. PAYTON *et als.*[1]

14   257<br/>14   376

Testamentary disposition as follows:

"I give and bequeath unto my wife L., in lieu of dower, one third of the net income of all my estate, real and personal; all my household furniture and the use and possession of the tenement now occupied by us, all said bequests to be and continue to my said wife as long as she remains my widow. . . .

"I give and bequeath unto my daughter A. all the rest and residue of my personal estate, for the use of herself and her children.

"I give and devise all my real estate, wherever situate, of which I shall die seized and possessed, unto my said daughter A., for and during the term of her natural life, and from and after her decease to her children then living, in equal shares, to be and remain unto their heirs and assigns forever."

*Held,* that the wife L. took an interest in the income of the realty, and not in the realty itself.

*Held,* further, that the daughter A. during her life, and after her death her children, should collect the income and pay one third of its amount, less necessary charges and expenses, to L., this one third of the net income to be a charge on the land.

A devise of the rents and profits of land will be construed as a devise of the land in order to carry out the testator's intention, but will not be so construed in violation of such intention.

BILL IN EQUITY for partition. On demurrer to the bill.

*July* 19, 1883. MATTESON, J. This is a bill in equity for partition. The complainant alleges that under the will of William M. Bowen she is the owner of a life estate in one undivided third of the lands, of which she prays partition, and that the respondent Amelia A. Payton is the owner of a life estate in the other two undivided thirds thereof, and her children, also respondents, are the owners in fee of the remainder on the determination of these life estates. The respondents have demurred to the bill on the ground that the complainant's claim to a life estate being expressly averred to be derived from the will which is set out in the bill by reference to a copy annexed thereto and made a part thereof, it appears therefrom that the complainant did not take any estate in the lands under the will and hence has no title to maintain the bill.

The material portions of the will are as follows, viz.: "I give and bequeath unto my wife Louisa A. Bowen, in lieu of dower, one third of the net income of all my estate, real and personal; all my household furniture and the use and possession of the ten-

---

[1] And see *Payton v. Bowen, infra.*

ement now occupied by us, all said bequests to be and continue to my said wife as long as she remains my widow. . . . .

"I give and bequeath unto my daughter Amelia A. Payton all the rest and residue of my personal estate, for the use of herself and her children.

"I give and devise all my real estate, wherever situate, of which I shall die seized and possessed, unto my said daughter Amelia A. Payton, for and during the term of her natural life, and from and after her decease to her children then living, in equal shares, to be and remain unto their heirs and assigns forever." [1]

The complainant contends that there is no distinction between a devise of the "net income" and a devise of the "income;" that a devise of the income is equivalent to a devise of the rents and profits, and that a devise of the rents and profits is in legal contemplation a devise of the land itself.

The respondents admit that a devise of the rents and profits of land was at an early period construed to be a devise of the land itself, and that this construction has been recognized and applied in numerous cases down to the present day, and has been extended to various words, such as use, occupation, improvement, income, &c., but they contend that it is merely a rule of construction adopted by the courts for the purpose of carrying into effect the presumed intention of testators in particular cases, and that it is not a universal and invariable rule, like the rule in Shelley's case, to be arbitrarily and inflexibly applied, if certain words or phrases happen to occur, even to the subversion of the plain intentions of the testator. The respondents refer to *Blann* v. *Bell*, 2 De G., M. & G. 775, 781, in which the origin of the rule is ascribed to the feudal system, under which the beneficial interest in lands consisted in the right to take the rents and profits, and under which the feudatary took the profits only so long as the property of the soil remained in the lord. They also allude to the fact that in England long terms were frequently created for the purpose of raising portions or as a source of permanent revenue, and argue that the state of society and the peculiar modes of using property

---

[1] The above extracts are the whole will, except a clause directing the payment of debts, a clause giving four hundred dollars to the testator's sister, and a clause revoking previous wills.

gave a significance to these words and phrases which they do not ordinarily have at the present day. By way of illustration the respondents cite the old cases of *Kerry* v. *Derrick*, Cro. Jac. 104, and *Maundy* v. *Maundy*, 2 Stra. 1020. In the former there was a devise of the rents of D. to the wife, remainder over in tail ; and it was said the words were apt enough to carry the land, " according to the common phrase and usual manner of speaking of some men, who name their lands by their rents." In the latter case, a man was seized of the reversion in fee of houses let out on lease for sixty years at £22 per annum, called a ground rent, and devised to his son Daniel £4 per annum of the ground rent, and in like manner parcelled out the whole £22 to his children, except the oldest, and it was said, " nothing is more common than for people to speak of their ground rents when they mean the houses and lands out of which they issue."

The respondents also cite several cases to show that the rule is not invariable. In *South* v. *Allen*, Comb. 375; 5 Mod. 102; 1 Salk. 228, the devise was of the rents and profits of the testator's lands to his sister for life, to be paid by his executors into her own hands. It was held, not a devise of the lands to the testator's sister, but to his executors in trust, to receive the rents and profits for her use during life. This case appears to have been reported also under the name of *Bush* v. *Allen*, 5 Mod. 63. For a discussion of the different reports of this case see remarks of Chancellor Walworth, in *Craig* v. *Craig*, 3 Barb. Ch. 76, 95, 96. In *Parker* v. *Plummer*, Cro. Eliz. 190, the testator having a term of seventy years, devised to his oldest son the use and profits of it for three years, and that afterwards his youngest son should have the lease and term, " saving that I will that my wife shall have half the issues and profits of the land during her life, bearing and allowing half the charges thereof." It was held that the wife had an interest in the land " *and so was the intent*, that she should have the land with the son for her life." In *Griffith* v. *Smith*, Moore 753, it is said that a devise of the profits is a devise of the land itself, *if there are no other circumstances.* In *Fox* v. *Phelps*, 17 Wend. 393, Bronson, J., says : " An unlimited disposition of the rents and profits, or income, of an estate will *sometimes* carry the estate itself." In *Craig* v. *Craig*, 3 Barb. Ch. 76, 94,

Chancellor Walworth uses these words : " It is said, however, that there is no devise or bequest to the executors as trustees of this share of the estate ; and, therefore, that Mrs. Hudson takes the legal estate therein by a devise to her of the income and avails of her share of the property. This would undoubtedly have been so, as to the real estate, if there had been nothing else in the will to show that the testator intended to create a valid trust of the estate for her benefit during her life. For a devise of the rents and profits of land for life, *without anything more*, is but a different mode of expression to create a devise of the land itself during the same period." In *Diament* v. *Lore*, 31 N. J. Law, 220, 222, Beasley, C. J., remarks : " A gift of the rents and profits of land, *in the absence of any expression of a different intention*, is tantamount to a devise of the land." In *Carlyle* v. *Cannon*, 3 Rawle, 489, 492, it is said : " The devise of the one third part of the net proceeds, *in order to effectuate the intention of the testator*, is equivalent to a devise of the estate."

We think that these citations show the true view to be taken of the rule, and that, although it may in some instances have been stated by courts without qualification, as if it was an absolute invariable rule of law, few if any cases can be found in which it has been applied contrary to the plain intention of the testator.

The question then resolves itself into this, What was the intention of the testator ? Did he intend that the complainant should take a legal interest or estate in the land itself, or that she should be entitled merely to receive from the devisees of the land one third of the income derived therefrom, after payment of the usual and necessary charges and expenses in its proper care and management ? This intention is to be gathered from an examination of the will as a whole, and such a construction is to be adopted as will give effect to its several clauses and render them consistent with each other.

The respondents contend that it will be evident on such examination that the testator's intention was that the complainant should have no interest in the land itself, but should be entitled to one third of the money received therefrom, after payment of the usual and proper charges and expenses, or, in other words, that the land is charged with the payment of one third of the net income to her.

In support of this view the respondents call attention to the following considerations :

1. That *primâ facie* and presumptively the word "income" is used in the sense in which it is ordinarily used by people in general at the present day, which is the annual net pecuniary receipts, dollars and cents. They argue that men do not nowadays "name their lands by their rents " or by their income, and refer to *France's Estate*, 75 Pa. St. 220, 224, where it is said : " It cannot be denied that the intent to dispose of land is not usually manifested by disposing of the 'income, rents, and use' only thereof."

2. That the word " net " imports that the gross receipts of the real estate are to be collected by another, and after the ordinary expenses are paid, and the " net income " ascertained, one third of it is to be paid to the complainant. As to the force of the word " net " the respondents cite *Barker* v. *Greenwood*, 4 M. & W. 421.

3. That the testator in disposing of his estate uses words with technical propriety according to the nature of the property. Thus in disposing of his personal property he uses the words "give and *bequeath*," technically appropriate to personalty ; and in disposing of his real estate he uses the words "give and *devise*," technically appropriate to realty. That the provision for the complainant is called a *bequest*. The respondents claim that the discriminating use of these words imports an intention to give personalty in one case and realty in the other.

4. That by the last disposing clause in the will the testator devises *all* of his *real estate*, wherever situate, of which he shall die seized and possessed, unto his daughter, for and during the term of her natural life, which is inconsistent with a devise of one third of his real estate to his wife.

5. That the testator devises the whole of his real estate in remainder to Mrs. Payton's children living at the time of her death, to take effect "*from* and *after her decease.*" The respondents urge that the remainder men do not take two thirds from and after the death of their mother, and one third from and after the death or marriage of Mrs. Bowen, but that the entire realty as a unit is to go to Mrs. Payton for life, and then immediately to her children.

6. That in the same sentence in which the testator gives the complainant one third of the net income of his real estate, he also gives her one third of the net income of his personal estate. That the two gifts are coupled together so that, in fact, they constitute one. The respondents argue that there is no evidence that the testator intended to make any distinction between his real and personal estate, with respect to the mode of his wife's enjoyment, and that where there is a gift of the income, profits, or dividends of personal property for a limited time, the personalty itself does not pass, but remains in the hands of the executor or some other person as trustee, according as the will happens to be drawn, to pay over the income, profits, or dividends to him entitled to them, and to preserve the *corpus* for him entitled thereto.

7. That the provision made in the will for the complainant is in lieu of dower, and is thereby constituted a *charge* upon the estate. *Bird* v. *Davis*, 14 N. J. Eq. 467, 476.

Besides these considerations, another not adverted to by counsel, but not less important in this connection, is that the gift is of one third of the income of *all* the estate, and not a gift of the income of *one third* of the estate.

We think that these considerations, though singly some of them might not seem entitled to great importance, concurring, as they do, strongly support each other and compel, almost irresistibly, the conclusion that the testator's intention was to give to the complainant an interest in the income merely, and not in the land itself ; that he intended that Mrs Payton, and on her decease her children, should collect the income of the real estate ; and that it, the real estate, should stand charged with the payment to the complainant of one third of the amount received after paying therefrom the usual and necessary charges and expenses.

The demurrer to the bill is sustained.

                                          *Demurrer sustained.*

*Nathan W. Littlefield*, for complainant.
*George B. Barrows*, for respondents.