## Drusadow *et al. versus* Wilde *et al.*

1. W. conveyed land to P. in fee in trust that "S., wife of said W., is to take this lot in fee simple for the sole and separate use of the said S., her heirs and assigns for ever," * * * and upon the further trust that the said S., or such person as she shall appoint, shall take and receive the rents, issues and profits of the lot for ever." S. during coverture devised the lot in fee. *Held,* that the deed vested in her a general power of appointment which was effectually exercised by her devise.

2. The intention of the grantor was that the interest of the wife and her appointee should be a fee.

3. Where the subject of the power is particularly described, the power will be effectually exercised, though the instrument does not mention or refer to it as being in execution thereof.

4. Where the words of the will may be satisfied without supposing an intention to execute the power, it is no execution.

5. A grant or devise of the profit of land passes the land itself.

November 8th 1869.    Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 84, to October and November Term 1869.

This was an action of ejectment commenced April 26th 1867, by George W. Wilde against Rudolph Drusadow and Sarah E. Drusadow, his wife, James Trainor and William Spears—Trainor and Spears being tenants of the other defendants. C. Hanson Lowe, assignee of Wilde, was afterwards added as plaintiff. The land in controversy was a lot in the borough of Manchester, now Allegheny City. The plaintiff was originally the owner of this and other lots: on the 20th of January 1860 he and his wife, Susan Wilde, conveyed them to Robert E. Parke, in fee, in trust that his wife "is to take this lot (that in controversy) in fee simple, for the sole and separate use of the said Susan Wilde, wife of the said George W. Wilde, her heirs and assigns, for ever." * * * and the other lot "during the natural life of the said Susan Wilde, in trust, nevertheless, for the sole and separate use of the said Susan Wilde during her natural life, and no longer; and at the decease of the said Susan the said last-described lot is to revert to the said George W. Wilde, his heirs and assigns.

"And upon the further trust, that the said Susan Wilde, or such person as she shall appoint, shall take and receive the rents, issues, and profits of the first-described lot for ever, and the last-described for and during her natural life: Provided, nevertheless, that the said Susan Wilde shall not, at any time hereafter, make or set up any claim to dower in any other real or personal estate of the said George W. Wilde now owned by him, or which shall hereafter be acquired by him. And provided also, that the said Susan Wilde shall, at the request of the said George W. Wilde, his heirs and

[Drusadow v. Wilde.]

assigns, execute, sign and deliver a quit-claim deed for any such other estate real of the said George W. Wilde."

Mrs. Wilde died in January 1866, leaving her husband to survive her. The defendants offered in evidence the will of Mrs. Wilde, dated January 15th 1866, by which she disposed of the lot in dispute as follows :—

" In the first place I give and bequeath to Sarah E. Colinbury (a young girl who for two years waited on me with much affection) my two-story brick house on the corner of Beaver and Spruce streets, in the borough of Manchester, in the state and county aforesaid, with all the appurtenances, &c., to have and to hold the same for her own use and that of her heirs, for ever."

Sarah E. Colinbury, the devisee, is Sarah E. Drusadow, one of the plaintiffs.

The plaintiffs objected to the admission of the will, it was rejected by the court and a bill of exceptions sealed. There was evidence that Mrs. Wilde died without heirs. The court (Kirkpatrick, J.), amongst other things, instructed the jury as follows :— " So we say to you, if you find that Susan Wilde died without heirs, the law makes her husband heir, and C. Hanson Love is entitled to recover."

The verdict was for the plaintiffs. The defendants took out a writ of error and, besides others, assigned for error, the rejection of the will and the foregoing instructions.

*J. R. Large*, for the plaintiffs in error, referred to the Married Woman's Act, April 11th 1848, Pamph. L. 536, Purd. 699, pl. 11 *et seq.*

*J. S. Ferguson* and *N. P. Fetterman*, for defendants in error, referred to Act of 1848, *supra;* Penna. Co. for Ins. on Lives *v.* Foster, 11 Casey 134; Wright *v.* Brown, 8 Wright 224.

The opinion of the court was delivered, January 3d 1870, by

SHARSWOOD, J.—The first three assignments of error are all in substance one: that the court below erred in the rejection of the offer of the will of Susan Wilde.

The relevancy and admissibility of this evidence depend upon the question whether Susan Wilde being a married woman had any power to make the disposition of the premises which she undertook to do by the instrument of writing in question. By indenture dated January 20th 1860, George W. Wilde and wife conveyed the property to Robert M. Parke, upon trusts expressed as follows : " said Susan Wilde, wife of the said George Wilde is to take this lot in fee simple, for the sole and separate use of the said Susan Wilde, wife of the said George, her heirs and assigns for ever." " And upon the further trust that the said Susan

[Drusadow *v.* Wilde.]

Wilde, or such person as she shall appoint, shall take and receive the rents, issues and profits of the first-described lot for ever." It will not be necessary to inquire whether where an estate is conveyed in trust for the separate use of a married woman, she can make a valid disposition of it by will under the 7th section of the Act of April 11th 1848, "to secure the rights of married women :" (Pamph. L. 537): see Alexander *v.* Paxson, 11 Wright 12. We think that the deed of trust vests in her a general power of appointment within the rule laid down in Lancaster *v.* Dolán, 1 Rawle 231, and that the will in question was an effectual exercise of that power.

As to the first point it is objected that the limitation of the power to the rents, issues and profits does not reach the *corpus* of the estate, and indicates an intention in the creator of the power that it should not extend beyond her life. But there is no construction of words older and better settled than that a grant or devise of the profits of land passes the land itself : "for what," says Lord Coke, "is the land but the profits thereof? for thereby vesture, herbage, trees, mines and all whatever parcel of the land doth pass," Co. Litt. 4, 6 : Parker *v.* Plummer, Cro. Eliz. 190 ; Paramour *v.* Yardley, Plowd. 541 ; Doe d. Goldin *v.* Lakeman, 2 B. & Ad. 42 ; Johnson *v.* Arnold, 1 Ves. Sen. 171 ; Reed *v.* Reed, 9 Mass. 372 ; Anderson *v.* Greble, 1 Ashm. 138 ; Carlyle *v.* Cannon, 3 Rawle 489. Nor is there any reason to hold that this proves an intention to confine the exercise of the power to the enjoyment of the land during the life of Mrs. Wilde. Her appointee was to take as she was to take, "for ever ;" and the clause immediately following, which relates to the other lot, confines that to her natural life expressly. The estate in the trustee to feed the uses of the appointment was a fee, and it appears very evident that the intention of the grantor was that the interest both of her and her appointee was to be commensurate with it.

The remaining point is that the will was an effectual execution of the power. It does not indeed refer to it in terms, nor is it necessary that it should. The subject over which the testatrix possessed the power is particularly described, and the authorities are clear and consistent in holding that where this is the case the power will be effectually exercised though the instrument does not mention or refer to it as being in execution thereof. It is only when the words of the will may be satisfied without supposing an intention to execute the power that it is no execution: 4 Kent Com. 335 ; Sugd. on Powers 284, 1st Am. ed. Our own decisions are in entire accordance with these authorities : Allison *v.* Kurtz, 2 Watts 185 ; Coryell *v.* Dunton, 7 Barr 530 ; Keefer *v.* Schwartz, 11 Wright 503.

The conclusion at which we have arrived that there was error in excluding the will, renders the other assignments of error, which

[Drusadow v. Wilde.]

relate to the charge of the court on the question whether George W. Wilde, as the husband, was entitled to succeed to the estate of his wife in the absence of any known heirs or kindred under the intestate laws, entirely immaterial, and dispenses with any consideration of them upon this writ of error.

Judgment reversed and *venire facias de novo* awarded.