# Roland *versus* Miller.

A testatrix by her will directed that all her personal estate should be divided equally among her children and heirs at law. She also made the same disposition of the proceeds from sales, and of the rents of her real estate. She made no disposition of said real estate as realty, but authorized her executors to lease the whole, or any part thereof, for a term of fifteen years, and provided that they should not be compelled by the heirs to sell any real estate so leased until the expiration of said term. She prohibited all sales of real estate until ten years after her decease, unless her executors deemed it advisable to make such sales, in which case she authorized the same within said ten or fifteen years. *Held*, that the intention of the testatrix was clearly to direct peremptorily a sale of her real estate after the lapse of a certain period of time, during which her executors had but a discretionary power of sale, and that therefore a conversion of the real estate was to be considered as having been worked.

2. The intention of said testatrix was, that her heirs should take the proceeds of said sales as legatees. Said heirs had no interest in the real estate, as such, which was capable of being bound by the lien of a judgment.

February 28th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Berks county:* Of January Term 1881, No. 78.

On May 1st 1875, a judgment was entered on a bond and warrant of attorney in favor of Horace Roland against J. Ross Miller and William Miller, for $500. In 1879 the plaintiff issued a scire facias post annum et diem to revive said judgment, et quare executionem non, against the said defendants, with notice to William Wanner, terre-tenant.

On the trial, before SASSAMAN, J., a single question of law arose upon the undisputed facts, viz., whether the will of one Elizabeth Miller worked an equitable conversion of her real estate immediately upon her death. Said testatrix died in 1866, and her will, proved September 7th 1866, was as follows:

"I, Elizabeth Miller . . . . do make and publish my last will and testament, in manner and form as follows, to wit:

[Roland *v.* Miller.]

" Item. It is my will, and I do order and direct that all my just debts and funeral expenses be duly paid and satisfied by my executors as soon as conveniently can be, after my decease.

" Item. It is my will that all my personal estate shall be equally divided among my children and heirs at law, share and share alike.

" Item. My real estate shall not be sold until ten years after my decease. But in case my executors hereinafter named shall lease it or any part or parts of it to any body or bodies, private or corporate, for a term of fifteen years, they may do so and shall not be compelled by my heirs or any of them to sell said real estate or any part or parts thereof so leased until the expiration of the term of said lease.

" Item. It is my will and I do order and direct that the rent or rents arising from the enclosed fields and stone house thereon erected and the two frame houses erected on 'Penn's Mount,' after deducting all the taxes on the whole of my real estate and expenses for keeping the same in repair, shall be paid to my daughter Angeline. But should my said daughter Angeline in the meantime marry, the rent or rents arising from the above mentioned fields and houses shall cease and determine from being paid to her as aforesaid, but to all my said children and heirs at law, share and share alike. But should my executors sell the said property or any part thereof (they shall have the power and authority to do so as hereinafter mentioned), the said rent or rents shall cease and determine and shall not be paid as aforesaid. But if my executors hereinafter named shall at any time within the said ten or fifteen years, as the case may be, deem it advantageous or advisable to sell the whole or any part of said real estate at public or private sale, they are hereby authorized and empowered so to do.

" Item. The proceeds from any sale or sales, rent or rents (except the rent to be paid as aforesaid), shall be equally divided among my said children and heirs at law, share and share alike.

" Item. I do order and direct that suitable stones be placed at the head and foot of my grave in my lot in the Charles Evans Cemetery.

" Item. I do hereby nominate and appoint my sons, to wit: John P. Miller, Amich D. Miller and William Miller, to be the executors of this my last will and testament.

" In witness whereof, I, Elizabeth Miller, the said testatrix, have hereunto set my hand and seal this nineteenth day of February, A. D. one thousand eight hundred and sixty-six.

" ELIZABETH MILLER. [L. S.]"

[Roland v. Miller.]

The defendant, William Miller, was a son, and the defendant, J. Ross Miller, was a grandson of the said testatrix.

On June 7th 1876, and October 14th 1876, the executors of the will made conveyances of certain of testatrix's real estate to Peter D. Wanner, who on January 31st 1879, conveyed the same to the said William Wanner.

Counsel for William Wanner requested the court to charge : "That under the evidence the jury must render a verdict for the terre-tenant." *Answer*. This point we do not answer now, and we will hold it as a point of law reserved for our future consideration.

Verdict for the plaintiff for $423.10, subject to the point of law reserved. The court subsequently entered judgment for the defendants [terre-tenant] on the point reserved, non obstante veredicto, holding that the will of Elizabeth Miller worked an equitable conversion of her real estate from the time of her death, and therefore that the defendants in the judgment, J. Ross Miller and William Miller, took no interest in her real estate which could be bound by said judgment.

The plaintiff thereupon took this writ of error, assigning for error the entry of judgment for the defendant on the point reserved.

*Isaac Hiester* and *Geo. F. Baer* (*John B. Dampman* with them), for the plaintiff in error.—Judgment was entered on the point reserved "for defendant," while the reserved point was whether the judgment should be for the terre-tenant. This is so clearly a clerical error that counsel will doubtless agree to consider the record amended.

Equitable conversion operates to take the title of real estate from the heirs and vest it in executors for the purpose of sale. The law wisely holds that such a serious consequence cannot be effected by implication, it must be by express direction—a bare power to the executors to sell does not work a conversion : Bleight v. Bank, 10 Barr 131 ; Chew v. Nicklin, 9 Wright 84 ; Edward's Appeal, 11 Wright 114 ; Davis v. Reeves, 2 Clark 314 ; Petersons' Appeal, 7 Norris 397 ; Anewalt's Appeal, 6 Wright 414; Boshart v. Evans, 5 Wharton 550. Nor does a direction to sell, if compelled by heirs, work a conversion : Stoner v. Zimmerman, 9 Harris 394 ; Nagle's Appeal, 1 Harris 260 ; Henry v. McCloskey, 9 Watts 145 ; Miller's Appeal, 10 P. F. S. 404 ; Cobel v. Cobel, 8 Barr 342 ; Kaufman v. Hollinger, 4 W. N. C. 27. A power of sale, with a direction for the distribution of the proceeds separate from the personalty, does not in Pennsylvania work a conversion : Page's Estate, 25 P. F. S. 95 ; though it was held otherwise in New Jersey, under the same will : Wurts v. Page, 4 C. E. Green 365. In this will there is

4 OUTERBRIDGE—4

[Roland *v.* Miller.]

no direction to sell, expressed or implied ; the most that can be said is, there is an implied permission to sell after a period of time if the heirs desire it ; but this is insufficient to effect a conversion until a sale actually is made. Bleight *v.* Bank, 10 Barr 131 ; Neely *v.* Grantham, 8 P. F. S. 437.

*Frank R. Schell* (*Peter D. Wanner* with him), for defendants in error.—The plaintiffs in error show no devise to, nor inheritance in, the defendants in the judgment. The primary object of the testatrix is equality of distribution, and the secondary intent, that no part of her estate shall be distributed as real estate. If this general intent is stricken down, an intestacy will result, which is not only never presumed, but is clearly against the spirit of the testatrix's will. The only discretion left to the executors is as to the time of the sale ; but after the term of ten or fifteen years they must sell. The intention being clear that the whole estate was to be distributed in money, a discretion as to the time of sale does not prevent conversion : Brolasky *v.* Gally's Exec's, 1 P. F. S. 509 ; Arnold *v.* Gilbert, 5 Barb. 190 ; Dodge *v.* Pond, 23 N. Y. 69. The heirs of the testatrix had no interest in her real estate which could be bound by a judgment : Allison *v.* Wilson, 13 S. & R. 330 ; Morrow *v.* Brenizer, 2 Rawle 185 ; Gray *v.* Smith, 3 Watts 289. The proper remedy for a creditor to pursue in such case, is by attaching the proceeds of sale in the hands of the executors : Selfridge's Appeal, 9 W. & S. 56 ; Jones *v.* Caldwell, 9 W. N. C. 459.

Mr. Justice TRUNKEY delivered the opinion of the court, April 17th 1882.

The testatrix directs that all her " personal estate shall be divided equally among her children and heirs-at-law." In a subsequent item she makes the same disposition of the proceeds from any sale or sales, rent or rents, of her real estate. The real estate, as realty, is not devised ; but the executors are authorized to lease the whole or any part for a term of fifteen years, and shall not be compelled by her heirs to sell any real estate, so leased, until the expiration of the term. Sales of real estate are prohibited for ten years after the decease of the testatrix, unless the executors deem it advantageous or advisable to sell the whole or any part, in which case they are authorized and empowered so to do, within said ten or fifteen years.

It never is presumed that a testator intended to die intestate as to any part of his estate, if a contrary intent can be fairly deduced from the language of his will. The natural and reasonable intendment of this will is, that the realty shall be sold and the proceeds be equally divided among the legatees. Within a limited time the executors have unlimited discretionary

power to sell, after that time they are bound to sell. A provision that the executors shall not be compelled to sell by the "heirs" until the expiration of the stipulated term, implies that then they may be compelled.    In this will the word heirs means legatees.    The power vested in the executors, discretionary for a certain time, thereafter is unconditional, not dependent on discretion or contingencies, nor upon the consent or agreement of any person, and if they neglect or refuse to exercise it, they may be compelled to perform their duty by legal process at the instance of any legatee.    When a legatee invokes process of the court to enforce the execution of a positive direction to the executors to sell, the proceeds of the sale pass under the will as money.    The will converts the realty into personalty ; not the action of the heirs.

At the argument it was urged that this case is ruled by Page's Estate, 75 Pa. St. 87.    There, the entire estate was vested in trustees, the personalty to be held upon certain trusts, and the executors in the fourth item of the will were clothed with a discretionary power to sell any part of the real estate, the proceeds of such sales to be held upon the same trusts.    It was held that although conversion may arise, without express terms, where it is clear that the testator meant to create a fund out of both real and personal estate and bequeath it as money, yet the whole frame of the will, especially the fourth item, indicated no more than a discretionary power to sell any part of the realty. Here, unless the testatrix died intestate as to the realty, it must be sold to the end that the proceeds be divided among the legatees.    The whole frame of the will shows intendment to dispose of the entire estate, the conversion of the realty, and a positive direction to sell after a defined period.    Conversion is imperatively required to give the will any effect as to the real estate.

Judgment affirmed.