# Edward Schuldt *v.* Thomas Herbine, Appellant.

*Will—Construction—Trusts and trustees—Fee simple estate.*

Under the will of the testator the following devise was held to pass a fee simple estate: " I give and bequeath to my son Edward the income of the following described properties, viz. . . . and I hereby direct the Reading Trust Co. to take charge of these houses, collect the rents, keep them in repair, pay the taxes, and pay the balance of income therefrom in monthly payments to my son Edward, for support of himself, wife and children."

Argued Nov. 14, 1896. Appeal, No. 150, Nov. T., 1896, by defendant, for judgment of C. P. Berks Co., Aug. T., 1896, No. 47, in favor of plaintiff on case stated. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Case stated to determine title to land.

Edward Schuldt, by articles of agreement between himself and Thomas Herbine, executed on June 1, 1893, agreed to sell and convey by deed to Thomas Herbine the premises No. 815½ Cherry street in the city of Reading for the consideration of $1,000. On June 26, a deed sufficient in form was executed and acknowledged by Schuldt and wife and duly tendered to Herbine, who admitted that the deed was sufficient in form but refused to pay the purchase money, alleging that Schuldt had only a life interest in the property.

Schuldt derived title to the premises under the will of his father, Frederick Schuldt, duly probated and recorded in the register's office of Berks Co. The clause of the will relied upon as vesting title in Edward Schuldt is, viz : " I give and bequeath to my son Edward Schuldt the income of the following described properties, viz : 816 Penn Street, 915, 919 and 921 Franklin Street and 815½ Cherry Street, Reading, Pa. and I hereby direct the Reading Trust Co. to take charge of these houses, collect the rents, keep them in repair, pay the taxes, and pay the balance of the income therefrom in monthly payments to my son Edward, for the support of himself, wife and children." To determine the controversy a case stated was entered into between the parties and filed to No. 47, August term, 1896,

in the court of common pleas of Berks county. Wherein, after stating and agreeing upon the facts it was stipulated in art. 4 of the agreement: "4. If the Court shall be of the opinion that under said item of the said will of the said Frederick Schuldt, deceased, the estate devised to Edward Schuldt in the said property is a fee simple, and that his conveyance of the same, joined in by his wife, makes a good and legal title to the fee of said property, judgment shall be entered for the plaintiff in the sum $1000.00.

"If the court shall be of the opinion that the estate of the said Edward Schuldt under said devise, is not a fee simple, but is simply a life estate, judgment to be entered for the defendant with costs."

Upon the case stated the court entered judgment for the plaintiff in the sum of $1,000, the defendant appealed, assigning for error the entry of judgment in favor of the plaintiff.

The case stated in full is as follows:

The following facts are agreed upon and admitted by the plaintiff and defendant in the above issue to be submitted to the court in the nature of a case stated for its consideration, determination and judgment.

1. Frederick Schuldt of the city of Reading, Berks county, Pennsylvania, died, having made his will and testament which has been duly approved in the register's office of Berks county, and which directs, inter alia, as follows:

" *Second.* I give and bequeath, to my son Edward Schuldt the income of the following described properties, viz: 816 Penn Street, 919, 915 and 921 Franklin Street, and 815½ Cherry Street, Reading, Pa.; and I hereby direct the Reading Trust Company, to take charge of these houses, collect the rents, keep them in repair, pay the taxes, and pay the balance of the income therefrom, in monthly payments to my son Edward for the support of himself, wife and children."

2. At the time of said devise, and at the time of the death of said testator, he was the owner in fee simple of the properties described in said paragraph of his will, one of them, No. 815½ Cherry street, in the city of Reading, Pa., is more particularly described as follows, to wit: "All that house and lot of ground on which the same is erected, situate on the North side of Cherry Street, in the City of Reading, Pa., between Eighth and Ninth

Street, being No. 815½; bounded on the South by Cherry Street, on the East by property of Agnes Woomer, on the North by property of Agnes Woomer and on the West by property of Agnes ·Schuldt.  Containing in front, on Cherry Street, fifteen feet, and in depth sixty feet, more or less, with the appurtenances."  The testator left no debts that have not been paid.  Edward Schuldt has not aliened said house and lot of ground nor put any incumbrances thereon.

3.  On the 1st day of June, 1896, articles of agreement were entered into between Edward Schuldt, the plaintiff in this action, of the one part, and Thomas Herbine of the other part, all of the city of Reading, Berks county, Penna., for a sale of one of said properties, to wit: All that certain house and lot of ground on which the same is erected, situate on the north side of Cherry street, in the city of Reading, Pa., between Eighth and Ninth streets, being No. 815½ Cherry street; bounded on the south by Cherry street, on the east by property of Agnes Woomer, on the north by property of Agnes Woomer, and on the west by property of Agnes Schuldt; containing in front, on Cherry street, fifteen feet and in depth sixty feet, more or less, for $1,000, payable on June 27, 1896, on the delivery of the deed.  The said Edward Schuldt and Christina, his wife, tendered to the said Thomas Herbine a deed, sufficient and correct in form, for the above described premises, on said June 27, 1896, and demanded the purchase money, $1,000, according to the agreement, which the said Thomas Herbine declined and refused to pay, admitting that the deed was sufficient in form but averring that, under the will of Frederick Schuldt deceased, the estate of the said Edward Schuldt was a life estate and not a fee simple, and that he and his wife could not make a legal conveyance in fee simple of the said premises.

4.  If the court shall be of the opinion that under said item of the said will of the said Frederick Schuldt, deceased, the estate devised to Edward Schuldt in said property is a fee simple, and that his conveyance of the same, joined in by his wife, makes a good and legal title to the fee of said property, judgment shall be entered for the plaintiff in the sum of $1,000.

If the court shall be of the opinion that the estate of the said Edward Schuldt, under said devise, is not a fee simple, but is simply a life estate, judgment to be entered for the defendant

with costs; each party reserving to himself the right of appeal, writ of error and certiorari to the appellate court."

### OPINION OF THE COURT BELOW.

ERMENTROUT, P. J. October 17, 1896.

The case stated presents for decision but one question, " Did the testator devise to his son, Edward Schuldt, a life estate or a fee simple ? " The first portion of the second item, " I give and bequeath, to my son, Edward Schuldt, the income of the following described properties, namely, 816 Penn Street, 919, 915, 921 Franklin Street, and 815½ Cherry Street, Reading, Pa.," if standing alone, undoubtedly would pass the fee. It is well settled that a devise of the rents and profits or of the income passes the land itself: Drusadow v. Wilde, 63 Pa. 170. But since the act of 1833, all devises of real estate pass the whole estate of the testator in the premises devised unless it appear by a devise over or by words of limitation or otherwise in the will that the testator intended to devise a less estate : And, as was said in Kiefel v. Kepler, 173 Pa. 181, " starting with this statutory presumption, the burden of proof is now upon those who claim that a less estate was intended by the testator."

We fail to discover anywhere in the will of the decedent that the testator intended to devise a less estate than a fee simple. The scheme of disposition is well defined. He intended to dispose of his whole estate. He starts with a bequest of $40,000 personalty to his wife. The second item is a disposition of what he conceived to be a proper share to his son Edward. The avowed object and purpose expressed in this item is to place the income in the hands of the son and under his sole control, so that he, as the head of the household, might provide for the support of himself, wife and children. He is not made a trustee of any fund for the wife and children, but he is made the absolute, uncontrolled disposer of anything that he may receive. The third item disposes of the share to his daughter Agnes. The fourth item disposes of the share to his grandchildren Agnes and Louise. The next item changes the bequest of the first item to his wife, directs the fund to be invested, and, in express and apt words, makes of this fund an estate in trust, the interest payable to the wife during life, and, after death, to grandchildren.

After appointing a guardian for grandchildren in the next two items, and disposing of his picture, looking-glass, bedding and furniture in the last item, presuming that some of the personalty, moneys that he might die possessed of, might remain after the payment of just and legal debts, he makes what may be termed a residuary clause, disposing of all the money that might be left. The evident intention of the testator to dispose of his entire estate, the existence of a residuary clause as to the money, and the absence of any residuary clause as to the realty, emphasize the fact that the testator presumed he had made a complete disposition by will of his entire estate.

The first clause of the second item in the will standing by itself devising a fee, this item should not be construed to pass a less estate, unless apt and express words require it to be done, or the clearly ascertained intention of the testator to reduce the fee to a life estate is shown to exist. That he trusted his son Edward appears from the fact that the entire income is placed in his hands at his absolute disposal, and this demonstrates that the direction with regard to the Trust Company was not inserted from any want of confidence in his son. Why it was added is not clear, except the direction be considered either in the light of a recommendation, or it be declared nugatory on the ground of its being an ineffectual attempt to limit the fee already granted.

The estate is not devised to the Trust Company in trust. No duration of any trust is prescribed, no limit as to when it shall cease. Even if by implication it should be held to cease at Edward's death, it would leave the fee of the real estate undisposed of. To hold that he devised a life estate, is to say that, notwithstanding the avowed object of the devise is to furnish support to Edward, his wife and family, his intention was to deprive the family of his bounty at Edward's death. If a life estate, he died intestate as to the fee, and the houses devised to Edward for their support are to be frittered away amongst heirs in general under the intestate law. If such a result can be avoided, we are bound to do so. It never is presumed that a testator intended to die intestate as to any part of his estate if a contrary intention can be fairly deduced from the language of his will. The whole frame of the will shows an intention to dispose of the entire estate, and this intention, once ascertained, must control. Roland v. Miller, 100 Pa. 47; Miller's Appeal, 113 Pa. 459.

Being, therefore, of the opinion that the estate devised is a fee, judgment is entered in accordance with the case stated in favor of the plaintiff for the sum of $1,000.

*Error assigned* was entering judgment in favor of plaintiff.

*Fitz-Daniel Ermentrout,* for appellant.

*Ermentrout & Ruhl,* for appellee.

OPINION BY WILLARD, J., December 7, 1896:

On a careful consideration of the will of Frederick Schuldt it is evident that the testator intended to dispose of all his property and leave none of it to be distributed under the intestate laws of the commonwealth. Such intent, and that only, can be deduced from the entire will without violating the rule laid down by our Supreme Court in Rolland v. Miller, 100 Pa. 47, and Miller's Appeal, 113 Pa. 459.

By the second item of the will all of the income of the property mentioned, including 815½ Cherry street, is specifically devised to Edward Schuldt. Considering the language used in the first part of this item without reference to that which follows in the same clause, a fee was vested in Edward Schuldt; for it is settled beyond controversy that a devise of the income passes the land itself: Drusadow v. Wilde, 63 Pa. 172.

The act of April 8, 1833, is not without force in determining the question before us. It provides that " All devises of real estate shall pass the whole estate of the testator in the premises devised—unless it appear by a devise over, or by words of limitation, or otherwise in the will, that the testator intended to devise a less estate."

There is no devise over, nor are there, in our opinion, sufficient words of limitation to change an intended fee simple estate to one for life only.

Bearing in mind then the well established rules, 1st, that " it never is presumed that a testator intended to die intestate as to any part of his estate, if a contrary intent can be fairly deduced from the language of his will; " 2d, that a devise of the rents and profits, or of the income passes the land itself; 3d, that by the provisions of the act of April 8, 1833, "all devises of real estate pass the whole estate of the testator in the

premises devised unless it appear by a devise over or by words of limitation or otherwise in the will that the testator intended to devise a less estate;" we have no difficulty in disposing of this case, unless by the 2d clause of the 2d item of the will, the Reading Trust Co. became an active trustee under the language used by the testator, viz, "And I hereby direct the Reading Trust Co., to take charge of these houses, collect the rents, keep them in repair, pay the taxes, and pay the balance of the income therefrom, in monthly payments, to my son Edward, for the support of himself, wife and children." In disposing of this question the learned judge pertinently said, "The estate is not devised to the Trust Company in trust. No duration of any trust is prescribed, no limit as to when it shall cease. Even if by implication it should be held to cease at Edward's death, it would leave the fee of the real estate undisposed of." This direction of the testator vested no title in the Trust Company. It provided that the entire income should be paid to Edward, not to his wife or children; the whole was his to do with as he saw fit. No time was fixed for the trust in its operation to begin or end. It was but a direction which did not limit the estate granted in the first part of the clause. Thus construed, there was devised by the second clause of the will to Edward Schuldt a perfect fee simple estate to the premises in question. In Willard v. Davis, 3 Pennypacker, 86, the second clause of the will of Robert H. Davis, inter alia, was, viz: "I give and bequeath to my son, M. Swift Davis, sixteen one hundredths ($\frac{16}{100}$) of the total amount of my estate, consisting of real estate and personal property of whatsoever kind and wheresoever situated and found. . . . I hereby constitute and appoint my friend John Irwin, Jr., as trustee, to whom shall be given in charge by my executors the share of my son as above. Said trustee shall collect the proceeds of said share and shall pay it over to my said son in quarterly payments, the principal not to be impaired by paying him more than what it may yield. . . . The share here bequeathed to my son aforesaid shall not be liable for any indebtedness of his." After the death of Robert H. Davis, M. Swift Davis, by contract, agreed to sell a part of the real estate thus devised by articles of agreement to L. H. Willard.

A deed was duly tendered to the latter, who refused to pay

the purchase money, alleging that the will of Robert H. Davis only vested a life estate in M. Swift Davis. Upon a case stated, wherein M. Swift Davis was plaintiff and L. H. Willard defendant, in disposing of the case the president judge in the court below decided, viz : " A trust in lands is, in general terms, where one holds the legal title for the benefit of another. In this will the third section vests a fee simple absolute in M. Swift Davis. Apt words in a succeeding part of the will might avoid or modify this devise. But the fourth section of the will does not put any title in John Irwin. It but directs that he shall control the property—the terms might be held to apply to the personal estate only in the hands of the executors, and for that it would be good. If there be a trust, for how long does it continue? There is no direction to pay proceeds to the children of Davis. There is no attempt to create a trust for the children or heirs of the devisor. If there be a trust in Irwin, it is either, but for the life of M. S. Davis with a right in the trustee to retain the property for himself after Davis' death, or the trust is but for life, with the fee simple in Davis after his own death. The attempt is, after granting a fee simple absolute to M. S. Davis, to appoint a guardian to take charge of the property for the life of the devisee, and to declare the property free from liability for the debts of the owner. This cannot be done. It is inconsistent with the grant, and especially it cannot be done without the use of apt words, which are wanting in this will.

" And now, September 18, 1882, after argument and upon consideration, the court being of the opinion that the law is with the plaintiff, judgment is entered upon the case stated in favor of plaintiff for one hundred and sixty dollars ($160) and costs of the suit."

The judgment was affirmed in the Supreme Court by a per curiam opinion.

In view of the foregoing authorities and the evident intention of the testator to vest in his son Edward a fee simple estate to the land in question, and upon the able opinion of the learned judge in the court below, the judgment is affirmed.