## Stewart's Estate

*Gunnison, Fish, Gifford & Chapin,* for petitioners.

WAITE, P. J., December 28, 1943.—Sidney V. Stewart died testate January 14, 1937. Paragraphs 1, 2, and 3 of testator's will dispose of the greater portion of his estate, including one half of the remainder. Paragraph 4 thereof purports to dispose of the remaining one half of the residue. The first and partial account

of Security-Peoples Trust Company, trustee for Mary G. Broad et al., under subclause (*c*) of paragraph 4 of decedent's will, is before the court for audit and distribution.

Subclause (*a*) of paragraph 4 of decedent's will is as follows:

"(*a*) I give and bequeath one-third (⅓) thereof to my brother, James B. Stewart, and his heirs forever."

This clause is not here in question.

Subclause (*b*) of paragraph 4 of decedent's will is as follows:

"(*b*) Another one-third (⅓) of said residue I give and bequeath to the Security-Peoples Trust Company of Erie, Pennsylvania, in trust . . .", etc., "and to pay the net income therefrom to my sister Elizabeth Stewart during her life."

After the death of the said sister, the corpus of this one-third part of the said one half of the remainder is given 60 percent to a nephew and 40 percent to a niece, children of a deceased brother, and is not here in question.

Subclause (*c*) of said paragraph 4 of the will is as follows:

"The remaining one-third (⅓) of said residue I give and bequeath to the Security-Peoples Trust Company of Erie, Pennsylvania, in trust to manage, control, invest and keep invested, during the lifetime of my sister, Mary G. Broad, and to pay the net income to her in such periodical sums as may best suit her convenience; and after her death to pay one-half (½) of the principal thereof to her daughter, Rachel S. Ray, if then living, and if not, then to the children of said Rachel S. Ray, in equal shares. The remaining one-half (½) of said one-third (⅓) I direct shall remain in trust with my said Trustee for the benefit of my nephew, James Stewart, and that twenty (20%) per cent. thereof shall be paid to him when he arrives at the age of

twenty-one (21) years, twenty (20%) per cent. more when he arrives at the age of twenty-five years, and the remaining fifty (50%) per cent. thereof when he shall arrive at the age of thirty (30) years, he is to receive the net income therefrom in the meantime. In case of his death prior to the time when he would receive said principal, I give and bequeath the same to his child or children should he die leaving any child or children, and if not, then to his heirs at law in accordance with the intestate laws of the State of Pennsylvania."

The petition for distribution shows that Mary G. Broad died March 11, 1943, and that a settlement in full of the income of the trust estate has been made to her administrator. By reference to the said clause, it will be noted that the will provides that after the death of the said Mary G. Broad the corpus of that portion of the property from which she was to receive the income is to be paid to her daughter, Rachel S. Ray, if then living, and if not, then to the children of said Rachel S. Ray in equal shares. This matter is not here in question.

The matter is now before the court on petition requiring interpretation of decedent's will relative to the bequest of that portion of the corpus (one half of one third of one half, being one-twelfth part of the remainder) given to James Stewart. By reference to the above-quoted portion of said subclause (c) it will be noted that said bequest is made payable to said James Stewart as follows: Twenty percent when he reaches the age of 21 years, 20 percent when he reaches the age of 25 years, *"and the remaining fifty (50%) per cent.* thereof when he shall arrive at the age of thirty (30) years."* These several percentages computed, 20 percent plus 20 percent, plus 50 percent, amount to only 90 percent of the principal intended to be disposed of.

In our opinion, this is a clear case of error in computation, since testator uses the words "the remaining

fifty per cent." thereby showing an intention to dispose of the entire residue embraced in this particular portion of his estate. Otherwise, the decedent would die intestate as to the remaining 10 percent of this portion of his estate. The presumption is that a testator intends to dispose of his entire estate and not to die intestate as to any part of it. The duty of the court is to construe a will so that no intestacy will result, unless such interpretation does violence to the language of the will taken as a whole: Duffy's Estate, 313 Pa. 101; Fisher's Estate, 302 Pa. 516; Miller's Appeal, 113 Pa. 459.

An order of distribution may be made in accordance herewith.