Scribner, J.
On the 7th of June, 1894, the plaintiff filed her petition ■in the court of common pleas, in which she set forth that she was the owner in fee simple and in possession of certain real estate described therein, and that the “defendant Libbie Maria Isherwood claimed some interest adverse to plaintiff’s rights, the nature of which is to plaintiff unknown, and she asks that defendant may be compelled to disclose the same;’’ that the claim so adjudged may be adjudged void, and that the plaintiff’s title to the premises described in the petition might be quieted; and for other proper relief.
To this petition an answer was filed, and afterwards an amended answer, which, in order to enable us to have a proper'understanding of the question presented, it may be ■proper to read, it being somewhat brief:
“The defendant Libbie M. Isherwood says that she is the ■adopted child and heir of the plaintiff and Francis P. Isher-wood, who died in August, 1893, and whose will was proved on the 7th of said month. This defendant was and is the ■sole legal -’heir of said decedent. She says that she has never claimed any interest in the real estate ad verse to plaintiff’s rights. She has no knowledge as to whether plaintiff is in possession of the real estate in the petition de *280 scribed, but says that she is informed the executors of her father’s estate ever since his death have been and now are in possession thereof, and collecting the rents thereof. She denies that the plaintiff is the owner in fee simple of said real estate. The defendant says that at the time of his death her father Francis P. Isherwood was seized of said real estate, and left a will, a copy of which is attached hereto, marked ‘Exhibit A.’ Said will has been duly proved, and the plaintiff, as defendant is informed, makes her claim to be the owner in fee simple of said real estate under and by virtue of the provisions of said will. This defendant says that her father at the time of the making of the will and for many years both before and after, was a dealer in real estate, and would often have on hand notes and mortgages given to him as part purchase price of real estate, and there were among the assets on hand at the time of his death notes and mortgages amounting, as defendant is informed, to about $7500, which were in fact proceeds of real estate, to-wit: notes and mortgages given for part purchase price of real estate. Defendant says that by the terms ‘also the proceeds of my real estate’ at the end of the third clause of his will, her father, said Francis P. Isherwood, intended to give and did give plaintiff only such proceeds resulting from the sale of real estate as might be on hand at the time of his death. She says, however, that the plaintiff had at the time of the making said will a large amount of valuable and productive real estate which was given to her by said Francis P. Isherwood in his life-time, and avers that her father never intended to give the plaintiff the fee simple of the real estate in the petition described.”
The will, a copy of which is attached to the amended' answer, is very brief, and the questions presented in this case necessarily call for a construction of its terms. I will read it:
‘‘I, Francis P. Isherwood, of the city of Toledo, county of Lucas, state of Ohio, do make and publish this my last will and testament.
‘‘1. All of my funeral expenses and just debts shall be first paid by my executors out of my real estate.
‘‘2. I hereby give and bequeath to-my (adopted) daugh *281 ter Libbie Maria Isherwood the sum often thousand dollars, to be paid by my executors out of my estate in installments as my executors may think best or the situation of circumstances may require.
“3, I hereby give ánd devise to my dear wife Armina D. Isherwood in lieu of dower in my real estate and in-full of all rights of any kind in my personal and real estate, all of my personal estate of any and every kind remaining after the payment of my just debts and funeral expenses and the bequest of ten thousand dollars to my daughter Libbie Maria Isherwood, and also the proceeds of my real estate.
“4. I hereby nominate and appoint my friends W. L. Lamb and Leander Burdick as guardians of my daughter Libbie M. Isherwood, with full power to manage and control or invest at their own discretion the ten thousand dollars that I will her from my estate.
“•5, I hereby nominate and appoint W. L. Lamb and Leander Burdick of the city of Toledo as executors of this mv last will.
“6. I do hereby revoke and annul all former wills by me made.
“In testimony whereof I do hereby set my hand this 13th “F. P. Isherwood.”
And attested by two witnesses. -There is a codicil attached which provides as follows:
“Whereas, by my last will and testament, dated November 18th, 1882, I nominated and appointed my friends W. L. Lamb and Leander Burdick as guardians of my adopted daughter Libbie M. Isherwood and executors of my estate, owing to the death of my friend William L. Lamb I hereby revoke articles 4 and 5, and at this present writing appoint Walter J. Chase and Eugene W. Gage as executors of my estate and guardians of my adopted daughter Libbie M. Isherwood, and I hereby ratify and confirm my aforesaid will in all respects except so far as changed or altered by this codicil. ”
This was duly attested.
To this answer of the defendant Libbie M. Isherwood a general demurrer'was interposed. The case came on for hearing in the court of common pleas upon the demurrer to *282 this answer, and the court of common pleas, at its January-term, 1895, sustained it, rendered final judgment in behalf of plaintiff, and decreed to her the title and possession of the premises described in the petition, confirming her right to the property under the provisions of the will, and in the-usual form giving her a decree, not only finding the title .and possession to be in her, but quieting her title and possession, and rendering judgment for the costs of the case against the defendant. The defendant appealed from the decree so rendered to this court, and the case has been heard by us upon the same pleadings passed upon in the court below — -that is, upon the general demurrer to the answer filed by the defendant in the court below.
Before the filing of the petition to quiet the title and possession of the plaintiff, a proceeding was instituted by the executors of the last will and testament of F. P. Isherwood for the purpose of obtaining a construction of that instrument, and for such a ruling on the part of the court as would determine the respective rights of the parties under the terms of the will, to the property in question. That proceeding was heard in the court of common pleas, and the application was dismissed, on the grounds stated in the syllabus contained in the report of the case. The case is entitled “Walter J. Chase, et al., v. Armina D. Isherwood, et al.” 1 Ohio Nisi Prius Reports, 31. It is held—
“1; An action can be maintained by a executor under sec. 6202 R. S., to obtain the judgment of the court as to the true construction of a will, only in cases where a trust is invoked or where the executor has duties to perform, in carrying out the provisions of the will, which require the guidance or direction of the court.
“2. A testator devised to his widow ‘the proceeds of his real estate.’ The will contained no residury clause and made no other disposition of his real estate and gave no directions, in relation thereto, and no authority or control over the *283 real estate was given to the executors. Held, that no trust was created by the will, and no duties of the executors required the guidance or direction of the ccurt, and that a petition filed by the executors under sec. 6202, R. S., should be dismissed for want of jurisdiction.”
And judgment was rendered in conformity with the views declared in the syllabus which I have just read. The views of the court, however, as expressed in the opinion in the case, were based largely upon the conclusion of the court, in giving a construction to the will, that by its terms it devised the property to Mrs. Isherwood, one of the defendants in that action.
Thereupon this petition to quiet title was filed, and on that petition, as stated, the court found in favor of the plaintiff, Mrs. -Isherwood, in a very brief opinion that was filed with the papers in the case, giving a construction to the terms ©f the will.
Now we have to say, in view of the arguments that have been presented to us and the authorities that’have been submitted and considered, that we are quite content with the view and judgment expressed by the court of common pleas in the case.
In the first place, a brief reference to some of the authorities cited in the argument.show this: that our supreme court in Collier v. Grimesey, 36 Ohio St., 17, make this declaration of a principle which is entirely applicable here. Without going into an analysis of the case or of the various questions presented by the report, at page 21 we find this language employed by the court:
“We do not question (says White, J., in delivering the opinion) that a devise of the rents and profits, .or of the-‘profits and benefits' of lands, without qualification or limitation, will impliedly carry the fee. B.ut in order to determine whether there is such qualification or limitation, we ' must look into the whole will, with the view of ascertaining the sense in which the terms were used by the testator; and *284 When such sense is ascertained, to give it the effect intended. Such terms cannot be held to carry the fee when it appears from other parts of the will that the fee is otherwise disposed of. ”
Looking for a moment to the terms of the will itself, which are more noted for brevity than anything else, we find in the first place that the testator, after declaring that he makes and publishes this as his last will and testament, says that all his funeral expenses and just debts are to be paid; and second—
“I hereby give and bequeath to my adopted daughter Libbie Maria Isherwood the sum of ten thousand dollars, to be paid by my executors out of my estate in installments, as my executors think best, or the situation of circumstances may require.”
That is the bequest he makes to his daughter — so much money.
‘‘8, I hereby give and devise to my dear wife. Armina D. Isherwood, in lieu of dower in my real estate and in full of all rights of any kind in my personal and real estate, all of my persona] estate of any and every kind remaining after the payment of my" just debts and funeral expenses, and the bequest of ten thousand dollars to my daughter Libbie Maria Isherwood, and also the proceeds of my real estate.”
He provides for the payment of his debts, gives 110,000 to his adopted daughter,and all the balance of his estate he gives to his wife. That is ip express language the terms of the will. Then he nominates and appoints his executors and the guardians of his daughter.
The controversy appears to have arisen over the use of the terms “the proceeds of my real estate.” Everything is disposed of, everything is devised which the testator possesses, according to the terms of his will. The last disposition is in the form of a gift to his wife of the proceeds of his real estate — not in language the real estate itself, but the proceeds of the real estate. Now, according to the lan *285 guage used by Judge White which I have quoted from 36 Ohio St.,that is equivalent to a devise of the corpus of the real estate itself; and such is the language of many courts is passing upon the question so presented. In the case of Davis v. Williams, 8 Tenn., at page 646, we find the court declaring this doctrine:
“A devise of the rents and profits or, income of land ■operates as a devise of the land itself; and if 'limited to the devisee’s lifeA vests in him a life estate in the land but, if unlimited, it vests in him an absolute fee simple title to the land, without the use of the term ‘heirs’ or other words of inheritance, and notwithstanding the will may confer upon the devisee no express power of alienation.”
1 will not stop to read from the authorities, except one other — a case in 10 Watts (Pa.) Rep., page 348, Bennett v. Robinson. The syllabus reads thus:
“A testator by his will says, ‘I allow my wife one-third •of the profits arising off of my real estate,only so long as ■she remains my widow:’ Held to be a devise of the one-third of the land itself, and strictly a conditional limitation marking the extent of interest given, against the terms of which equity cannot relieve. Such estate is consequently determinable by her subsequent' marriage, even without entry by the heir, or devise over.”
The opinion in this case, which is quite brief, as opinions by the former Chief Justice Gibson are always — this being by Chief Justice Gibson — says among other things:
‘‘A devise of profits is a devise of the land from which they accrue; and what is the nature of the estate given by the terms of this will? ‘I allow my wife,’ says the testator, ‘one-third of the profits arising off all my real estate only so long as she remains my widow.’ Now this is not a devise upon condition, but a plain and distinct condition, which was spent by the contingency of her marriage, even without entry by the heir or a devise over, That is not contested.”
Then the learned chief justice proceeds to argue or to *286 consider another point presented in the case by counsel, which was that the marriage of the widow did not ipso factoterminate her estate, as was .claimed by counsel, but required some other action on the part of the parties interested. The chief justice overruled that proposition, and held-that her estate ends and determines by her marriage,
This is the view of the law, as defined by many authorities. Some of them are these: 63 Pa., 170, already cited by counsel for plaintiff; 121 Ind., 175; 14 Eq. Ca., 451; 3 Rawle, 497; 114 N. Y., 307.
The Revised Statutes of Ohio contain a provision pertinent in this action:
.“Sec. 5970. Every devise of lands, tenements, or hereditaments, in any will thereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will-that the devisor intended to convey a less estate.”
There is in 1 Nisi Prius, 31, a printed copy of the opinion of the learned judge in the court of common pleas-to which I have already referred, in the case of Waiter J. Chase and Eugene W. Gage v. Armina D. Isherwood and Libbie M. Isherwood, in disposing of the demurrer to the petition filed by the executors calling for a construction of the will,in which are reviewed all the authorities bearing.upon the proposition involved in the case.
This substantially determines all the principal matters involved in this controversy, and as a result of our examination of the case, it follows that the judgment here will be-for the plaintiff, as in the court below, finding in her favor, and quieting her title to the lands described in the petition. There will also be a judgment for costs in her favor.