# Bahn's Estate.

*Wills—Construction—Conversion—Vested and contingent estates.*

1. Where time or other condition is annexed to the substance of a gift, and not merely to the payment, the legacy is contingent; but where the interest, whether by way of maintenance or otherwise, is given to the legatee in the meantime, the legacy shall, notwithstanding the gift itself appears to be postponed, vest immediately on the death of the testator.

2. Where testatrix directs that her husband and her daughter "shall occupy my house and lot until such time as my husband and my executor shall agree to sell the same, and when so sold that the proceeds of said sale be equally divided share and share alike between my husband and my daughter," and also authorizes her executor "to make as good a title of my real estate sold as I could were I living," the will works an equitable conversion of the real estate into personalty for the purpose of distribution, and constitutes a vested legacy in the husband and daughter subject to no condition. If in such a case the real estate is not sold during the lifetime of the executor or husband, but is sold at an orphans' court sale after the death of the husband, the proceeds of the sale are distributable, one-half to the daughter, and one-half to the administrator of the husband.

Argued March 11, 1914. Appeal, No. 19, March T., 1914, by Edward W. Miller, from decree of O. C. York Co., dismissing exceptions to auditor's report in Estate of Caroline Bahn, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Exceptions to report of Harvey A. Gross, Esq., auditor.

From the record it appeared that Caroline Bahn by her will directed as follows:

"I direct that my husband, Henry Bahn, and my daughter, Elsie Minerva, shall occupy my house and lot until such time as my husband, Henry Bahn and my executor hereinafter named, shall agree to sell the same, and when so sold, that the proceeds of said sale shall be equally divided, share and share alike between my hus-

band, Henry Bahn, and my daughter, Elsie Minerva Bahn."

Pursuant to this provision the testatrix's husband, Henry Bahn, and her daughter, Elsie Minerva Bahn, occupied the house and lot in question until the death of the husband, without any sale thereof. After his death the property was sold by Elsie Minerva Bahn as administrator d. b. n. c. t. a. of the estate of Caroline Bahn, deceased. The auditor distributing the proceeds of said sale awarded the whole of them to Elsie Minerva Bahn under the intestate laws of this commonwealth, upon the ground that the failure of the testatrix to make any devise over of the said realty itself in the event of its not being sold, made her die intestate as to that portion of her estate.

Exceptions to auditor's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Henry C. Niles*, with him *Geo. E. Neff, Chas. A. May* and *M. S. Niles*, for appellant, cited: Kiefel v. Keppler, 173 Pa. 181; Snyder v. Baer, 144 Pa. 278; Severn's Est., 211 Pa. 65; McClarren's Est., 238 Pa. 220.

*S. D. Wareheim*, for appellee.—Henry Bahn received only personal rights and privileges in the house and lot, which were not equivalent to a life estate, or an estate for any particular term: Buchanan v. Duncan, 40 Pa. 82; Wusthoff v. Dracourt, 3 Watts, 240; Calhoun v. Jester, 11 Pa. 474; Callen v. Hilty, 14 Pa. 286; Baldwin v. Taylor, 166 Pa. 507; Shipley's Est., 45 Pa. Superior Ct. 570; Sinnott's Est., 53 Pa. Superior Ct. 383.

A conditional power of sale does not work a conversion: Irwin v. Patchen, 164 Pa. 51; Greenough v. Small, 137 Pa. 128; Green v. Simpson, 49 Pa. Superior Ct. 334.

A condition precedent must be performed by the leg-

atee or devisee, however unreasonable it may be: Campbell v. McDonald, 10 Watts, 179; Loomis v. McClintock, 10 Watts, 274; Donohue v. McNicholl, 61 Pa. 73; Reilly's Est., 200 Pa. 288.

OPINION BY PORTER, J., July 15, 1914:

Caroline Bahn died on April 17, 1883, leaving a last will, which was duly proved, containing the following provisions which are material to the disposition of the questions presented by this appeal. "I direct that my husband, Henry Bahn, and my daughter, Elsie Minerva, shall occupy my house and lot until such time as my husband, Henry Bahn, and my executor hereinafter named shall agree to sell the same, and when so sold, that the proceeds of said sale be equally divided share and share alike between my husband, Henry Bahn, and my daughter, Elsie Minerva Bahn. . . . I authorize my executor hereinafter named, to make as good a title of my real estate sold as I could were I living." Letters testamentary were duly issued to Seitz, the executor named in the will, who died on December 26, 1889, without having sold the real estate in question, and letters of administration d. b. n. c. t. a. were subsequently granted to Elsie Minerva Bahn, on the estate of Caroline Bahn, deceased. Henry Bahn and Elsie Minerva Bahn, the husband and daughter of testatrix, entered into possession of and continued to occupy the house and lot until the death of Henry Bahn, on March 26, 1912. Henry Bahn and Seitz, the executor, had never agreed to sell the house and lot. Henry Bahn left to survive him two children by a first wife, and Elsie Minerva Bahn, a daughter by his second wife, the testatrix. Letters of administration upon the estate of Henry Bahn, deceased, were issued to Edward W. Miller. The children of Henry Bahn, deceased, .and all parties in interest, on March 10, 1913, joined in the petition of Elsie Minerva Bahn, administratrix d. b. n. c. t. a. of the estate of Caroline Bahn, deceased,

praying the orphans' court to grant an order, to the said administratrix, for the private sale of the said house and lot and that all contingent interests be barred and the purchase money in all respects be substituted therefor and applied to the uses of the same persons and for the same estates and interests as if the real estate sold had been held. The court made the order of sale prayed for and the administratrix sold the property in accordance with the terms of the order. The administratrix then filed her account and the balance for distribution is the fund arising from the sale of the said house and lot. The auditor and the learned judge of the court below held that as Henry Bahn and Elsie Minerva Bahn had continued to occupy the house and lot until the death of the former, without the property having been sold in pursuance of an agreement between Henry Bahn and Seitz, the executor, the house and lot remained as a part of Caroline Bahn's estate, not disposed of by her will, and that the proceeds of the sale subsequently made must be distributed under the intestate laws. The whole fund was, therefore, awarded by the court below to Elsie Minerva Bahn. From that decree we have this appeal by Edward W. Miller, administrator of the estate of Henry Bahn, deceased.

The decree of the court below was founded upon the conclusion at which the court arrived in construing the will upon the two essential points: (1) That the provisions of the will did not work an equitable conversion of the real estate into personalty, for the purposes of distribution, and (2) that the legacy of the proceeds of the sale of the property, when sold, was not vested, but contingent, upon the condition that Henry Bahn and the executor should agree to sell the property. If this foundation is insecure the structure must fall and the decree be reversed. The basis of the doctrine of conversion is that, in equity, that is regarded as done which the testator intends shall be done. Conversion

is, therefore, a question of intention, and where the intention to convert clearly and explicitly appears by the provisions of the will, it is equally effective as a positive direction contained in the instrument. This will contains, it is true, no express direction to sell the land; it does, however, authorize the executor to make a sale and convey "as good a title of my real estate sold as I could were I living"; the time of such sale to be subject to the joint discretion of Henry Bahn and the executor. "And when so sold, that the proceeds of said sale be equally divided share and share alike between my husband, Henry Bahn, and my daughter, Elsie Minerva Bahn." This is a positive direction to divide the proceeds of and not the real estate itself between the two persons named, and there is an absolute necessity to sell to accomplish the purpose of the testator. Taking all the provisions of the will together they disclose a clear intention upon the part of the testator that the land should be sold and the proceeds divided, and the conclusion is irresistible that a conversion is effectually accomplished by the will, though there was not to be an immediate sale: McClure's App., 72 Pa. 414; Rolland v. Miller, 100 Pa. 47; Philadelphia's App., 112 Pa. 470; Severns's Est. (No. 1), 211 Pa. 65; McClarren's Est., 238 Pa. 220. There can be no doubt that Henry Bahn, while living, could have required the executor to make sale of this real estate. The discretion vested in the executor was but a legal one, "and whenever the law determines that a proper case has arisen in which the trustee's discretion should have been exercised in a particular way he will be constrained to act in accordance therewith:" Severns's Est. (No. 2), 211 Pa. 71. We hold, therefore, that the will of the decedent worked an equitable conversion of the real estate in question, for purpose of distribution.

The first clause of this paragraph of the will discloses the intention of the testator as to the disposition which she wished to make of this real estate and who

should enjoy the use of it during the interval between the time of her death and the time of the sale which she authorized. "I direct that my husband, Henry Bahn, and my daughter, Elsie Minerva Bahn, shall occupy my house and lot until such time as my husband, Henry Bahn, and my executor hereinafter named shall agree to sell the same," etc. There can be no profit in inquiring whether the interest which Henry Bahn and his daughter thus acquired was technically a license or an estate in the land, but the fact that the interest which they acquired gave them the right, during the period in question, to the beneficial enjoyment of the premises, the proceeds of which they were to receive when sold, has a direct bearing on the question whether the bequest of the proceeds of the sale was a vested or a contingent legacy. The direction that they shall occupy the property means that they shall have possession of, hold and use the land. The will contains no limitation as to the manner in which or the purposes for which they shall use the land, their possession was to be absolute and exclusive. They were, in short, entitled to the complete beneficial enjoyment of the property, so long as it remained unsold. Turning now to the second clause of the paragraph disposing of this property we have the words: "and when so sold, that the proceeds of said sale be equally divided share and share alike between my husband, Henry Bahn, and my daughter, Elsie Minerva Bahn." It is argued that these words referring to the proceeds of the sale constitute a contingent legacy, for the reason that, under the wording of the will, the rights of the legatees could only attach when the property was so sold. It is true as a general rule, that where time or other condition is annexed to the substance of the gift and not merely to the payment, the legacy is contingent. "But a well recognized exception to this rule is that where interest, whether by way of maintenance or otherwise, is given to the legatee in the meantime, the legacy shall, not-

withstanding the gift itself appears to be postponed, vest immediately on the death of the testator. This circumstance indicates an intention that the beneficial enjoyment shall begin at once, and payment only of the principal or capital be postponed;" so said Mr. Justice SHARSWOOD in Provencher's App., 67 Pa. 463. The same principle was applied by the Supreme Court in the very recent case of Harrar's Est., 244 Pa. 542. The property in that case consisted of real estate devised in trust to be sold, the net income to be divided quarterly among the grandchildren of the testator, and when all the real and personal property should have been sold, the proceeds to be paid over and divided to and among all the testator's grandchildren who should be then living, and the lineal descendants of any deceased grandchild. The trustees were vested with a wide discretion as to the time when and prices at which the real estate should be sold. The grandchildren being all sui juris presented a petition to the orphans' court to require the executors and trustees of the decedent to convey the real estate to the legatees. It was held that as the grandchildren were entitled to receive the income of the real estate, that the legacies of the residue were vested at the death of the testator, and that, as all the grandchildren were sui juris, and had a vested right in the proceeds of the land, they were entitled to the conveyance of the land itself. That case cannot be distinguished upon principle from the present one. Applying the principles recognized in that case to the present one, we must accept it as settled that Henry Bahn and Elsie Minerva Bahn, being entitled to the present exclusive beneficial enjoyment of the property and to the proceeds of its sale, whenever sold, had the right at any time to require the executor of the will to convey to them this real estate by an absolute title in fee simple. The authorities above cited, to which we may add Carstensen's Est., 196 Pa. 325, clearly point to the conclusion that the provision of the will

directing that the proceeds of the sale of this real estate, when sold, should be paid to Henry Bahn and Elsie Minerva Bahn, constituted a vested legacy, subject to no condition. The provisions of the will worked an equitable conversion of this real estate, the property has been sold, in accordance with the intention of the testator, and the proceeds should be distributed according to the provisions of her will, one-half to her daughter, Elsie Minerva Bahn, and the other half to the appellant, the administrator of the estate of Henry Bahn, deceased. The specifications of error are sustained.

The decree of the court below is reversed and the record is remitted with directions to make distribution in accordance with this opinion, and it is ordered that the costs of this appeal be paid by the appellee.

RICE, P. J., dissents.