# Bergdoll's Estate.

*Wills—Real estate—Commission—Power of sale—Directions to sell—Construction—Intention.*

1. Where a will empowers the executors to sell real estate and makes distribution of the proceeds so that a sale is essential to effect the distribution contemplated by the testator, the real estate will be deemed to have been converted into personalty.

2. A testator gave the residue of his estate to his executors as trustees and after disposing of all of his personal and one-third of his real estate, directed them to pay one-half of the income of two-thirds of his real estate to a son, and the remaining one-half to three daughters for their lives. The will further provided, "upon the conversion of any of my real estate into money as hereinafter mentioned, I direct the proceeds thereof shall be disposed of as follows......one-third part thereof shall be paid to my son...... absolutely......the said trustees or the survivors of them are hereby authorized to sell and convert all or part of my real estate into money at such time or times and in such parcels as they in their discretion may deem best for the advantage of my estate ......and......to make, execute and deliver......in fee simple good and sufficient conveyances for the same." The son died after the testator leaving a widow and children. A child of such son contended that the funds realized from sales of real estate should be treated as real estate and that one-third thereof should be awarded to the widow for her life only. The Orphans' Court decided that the will worked a conversion of the real estate and awarded one-third of the proceeds of the sale of the son's share of the real estate to his widow absolutely. *Held,* no error.

Argued March 23, 1917. Appeal, No. 83, Jan. T., 1917, by Louis J. Bergdoll, from order of O. C. Philadelphia Co., Oct. T., 1894, No. 436, dismissing exceptions to adjudication, in Estate of Louis Bergdoll, Sr., Deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.

The facts appear in the following opinion by DALLETT, P. J., sur exceptions to adjudication:

This testator gave the residue of his estate to his executors as trustees, directing them, after the disposition of all of his personal and one-third of his real estate as he had indicated,

"to collect, recover and receive the rents, issues and profits thereof and to pay one-half part of the rents, issues and profits of said two-thirds of the real estate to' my said son Louis Bergdoll, Junior, and the remaining one-half part thereof to pay to my three granddaughters, Elizabeth, Catharine and Louisa Schoening, equally, for and during the terms of their natural lives respectively. Upon the conversion of any of my real estate into money as hereinafter mentioned, I direct the proceeds thereof shall be disposed of as follows, to wit: One-third part thereof shall be held and retained by said trustees, In Trust for my daughter, Louisa Alter, and her children under the trusts hereinbefore declared and expressed for their use one other third part thereof shall be paid to my son, Louis Bergdoll, Junior, absolutely, and the remaining one-third part thereof shall be held and retained by said trustees upon the same trusts as above directed for the use and benefit of my three granddaughters, Elizabeth, Catharine and Louisa Schoening."

And added

"The said trustees and the survivors and survivor of them are hereby authorized to sell and convert all or part of my real estate into money at such time or times and in such parcels as they in their discretion may deem best for the advantage of my estate, and whenever the said trustees shall make public or private sale of any portion of my real estate they are hereby authorized and empowered to make, execute and deliver to the purchaser or purchasers thereof in fee simple good and sufficient conveyances for the same free and clear of all trusts and of the legacies and annuities herein given and discharged from all liability on the part of such purchaser or purchasers to see to the application of the purchase-moneys."

The testator died on August 10, 1894.

His son, Louis Bergdoll, Junior, died September 9, 1896, intestate, and leaving to survive him his widow, Emma C. Bergdoll, and five children, all of whom are living and of full age.

This is the fifth accounting and includes the proceeds derived from sales of real estate made subsequent to the death of Louis Bergdoll, Jr.

The exceptions relate to the auditing judge's award of one-third of the share of the proceeds to which Louis Bergdoll, Jr., would be entitled were he living, to his widow, and two-thirds to his five children, the exceptant, a son, contending that the fund realized from the sales should be treated as real estate and one-third thereof awarded to Emma C. Bergdoll, Louis Bergdoll, Junior's, widow for life only.

We believe the auditing judge's award the proper one.

It will be noted that the testator's only gift to Louis Bergdoll, Jr., after a gift of the rents, issues and profits derived from residuary real estate is of the proceeds derived from sales thereof, and as well that the discretion given the trustees as to sales relates only to the parcels in which real estate is to be sold and to the time at which the sales are to be made. To effect gifts of proceeds, sales must at some time be made. The inevitable conclusion is that while the trustees are merely authorized by the will to sell, that authorization, because of the necessity to sell to carry out the scheme of the will is equivalent to a positive direction to sell.

In Fahnestock v. Fahnestock et al., 152 Pa. 56, where due effect could not be given material provisions of the will without treating a mere power of sale as a direction to sell and so operating as an equitable conversion, Mr. Justice McCollum, for the Supreme Court, said (p. 61):

"If a testator authorizes his executors to sell his real estate and to execute and deliver to the purchasers deeds in fee simple, of the same, as in this case, and it is clear from the face of his will that it was his intention that the power so conferred by him should be exercised, it will

be construed as a direction to sell, and operate as an equitable conversion. If in addition to this clear intention of the testator it plainly appears that effect cannot be given to material provisions of the will without the exercise of this power, the conclusion is irresistible that a conversion is as effectually accomplished by the will, and the duties of the executors under it are the same, as if it contained a positive direction to sell."

In Severns' Est. (No. 1), 211 Pa. 65, where it was held that an intention to convert would be implied although a sale was merely authorized if a sale was necessary to carry out the provisions of the will, Mr. Justice MESTREZAT, for the Supreme Court, said (p. 67):

"There is no difficulty in ascertaining the intention of the testatrix from the provisions of Mrs. Severns' will. She does not devise her real estate, but empowers her executrix to sell without any alternative disposition of it. It is not given as real estate to the persons named in the will, nor to any other person for any purpose whatever, but, in the language of the instrument, 'the proceeds of the sale of the said premises I direct my said executrix to divide among my said three daughters share and share alike.' We, therefore, have in the will an authority given to the executrix to sell and a direction to divide the proceeds of the sale in equal shares among the three legatees. In order to carry out the provisions of the will and make that distribution of the proceeds of the property, a sale of the real estate becomes imperative and is an absolute necessity. This, as appears from the authorities cited above, meets the requirements of our cases and operates as an equitable conversion. The fact that the time when, and the terms upon which, the sale should be made are discretionary with the executrix does not give the latter authority to prevent a sale, nor to postpone it indefinitely. The discretion reposed in the executrix is a reasonable and not an arbitrary one, and must be exercised to carry out the plain intention of the testatrix that the property shall be converted into per-

sonalty and the proceeds distributed equally among the three sisters."

And in Bahn's Est., 57 Pa. Superior Ct. 457, Judge PORTER, for the Superior Court, said (p. 461) :

"This will contains, it is true, no express direction to sell the land; it does, however, authorize the executor to make a sale and convey 'as good a title of my real estate sold as I could were I living'; the time of such sale to be subject to the joint direction of Henry Bahn and the executor. 'And when so sold, that the proceeds of said sale be equally divided share and share alike between my husband, Henry Bahn, and my daughter, Elsie Minerva Bahn.' This is a positive direction to divide the proceeds of and not the real estate itself between the two persons named, and there is an absolute necessity to sell to accomplish the purpose of the testator. Taking all the provisions of the will together they disclose, a clear intention upon the part of the testator that the land should be sold and the proceeds divided, and the conclusion is irresistible that a conversion is effectually accomplished by the will, though there was not to be an immediate sale: McClure's App., 72 Pa. 414; Roland v. Miller, 100 Pa. 47; Philadelphia's App., 112 Pa. 470; Severns' Est. (No. 1), 211 Pa. 65; McClarren's Est., 238 Pa. 220."

In all these the facts appear very like those in this estate, and in Knoppel's Est., 25 Pa. D. R. 116, where the testator merely authorized his executor to sell real estate and gave the proceeds to his children, nominatim, Judge LAMORELLE, for this court, said (p. 117) :

"The mere reading of the will shows that the authorization to sell was tantamount to a direction, for the nine children were, in terms, given the proceeds and not the real estate itself; therefore, a sale was essential to effect the distribution contemplated by testator."

We are satisfied that this testator's will worked an equitable conversion of his real estate into personal property as of the date of his death and that such being the

case, proceeds derived from sales pass as personal property and not as real estate.

The award to the son's widow, therefore, (his estate having been settled and all debts paid), of one-third of the share to which her husband would have been entitled was correct.

It should perhaps be added that in reaching this conclusion, we have not overlooked, although we have not thought it necessary to discuss, the apparently conflicting views expressed in opinions heretofore filed in this estate and relating to the distribution of rents (Metzger's Est., 222 Pa. 276, 242 Pa. 69,) or of the proceeds derived from sales of other real estate.

The court dismissed the exceptions. Louis J. Bergdoll appealed.

*Errors assigned* were in dismissing the exceptions.

*William H. Baile,* for appellant.

*R. Stuart Smith, A. Allen Woodruff* and *Nicholas H. Larzelere,* for appellee.

PER CURIAM, May 7, 1917:

The decree in this case is affirmed, at appellant's costs, on the opinion of the learned court below dismissing the exceptions to the adjudication.

---

## Murray et al. *v.* Randall et al., Appellants.

*Practice, C. P.—Ejectment—Suit against two defendants—Disclaimer by one defendant before trial—Judgment against both defendants—Motion to strike off judgment.*

Where in an action of ejectment one of two defendants filed a disclaimer before the case was called for trial, and although the jury was sworn as between the plaintiffs and the other defendant, the verdict was against both defendants, a motion to strike off the