## Wolfe Estate

*Griffith, Kurtz & Harvey* and *Hare & Hare*, for accountant.

*Parke & Parke, Alexander A. Notopoulos, Amos Davis* and *Stively & Mitman*, for claimants.

MacElree, P. J., February 26, 1960:

### Findings of Fact

The fund accounted for represents the proceeds of sale of decedent's interest in certain real estate located at 1325 Eleventh Avenue, Altoona, together with certain income therefrom as stated by Altoona Central Bank and Trust Company, Administrator d. b. n. c. t. a. of the Estate of Jose E. Wolfe, deceased.

Decedent, Jose E. Wolfe, a married man without issue, died December 14, 1932, testate, leaving to survive him a wife, Nora E. Wolfe, to whom letters testamentary were granted by the Register of Wills of Chester County.

Decedent was also survived by a sister, Grace Wolfe Evans; a brother, William Franklin Wolfe; a brother, Jacob S. Wolfe.

Nora E. Wolfe, as executrix of her deceased husband's estate, other than filing a schedule of debts and deductions, did nothing further by way of administration of the said decedent's estate.

Decedent died seized of an undivided one-half interest in certain real estate located in the City of Altoona.

The other undivided one-half interest was, at the time of decedent's death owned by one J. D. Fay.

Said premises at the time of decedent's death were leased to one "Brett." The "Brett" lease terminated prior to June 8, 1936.

On June 8, 1936, a lease was executed by the Altoona Trust Company, predecessor to Altoona Central Bank and Trust Company, on behalf of J. D. Fay and as agent for Nora E. Wolfe, with one Charles Kranick, who occupied said premises as a tenant until July 1,

1959, at which time said premises were sold to Charles Kranick and Mildred Kranick, his wife, by the accountant.

Nora E. Wolfe, surviving spouse of decedent, died September 2, 1958, a resident of Ulster County, N. Y., on whose estate Edward L. Dalby and Marion Dalby, of Marlboro, Ulster County, N. Y., were duly granted letters testamentary on April 14, 1959.

Grace Wolfe Evans died April 12, 1956, survived by the following children, to wit, Mrs. Fanny Beatty and Joseph L. Evans.

William Franklin Wolfe, decedent's brother, died January 6, 1899,[1] leaving to survive him Mariam Wolfe Durboraw, a daughter.

Jacob S. Wolfe, decedent's brother, died July 15, 1943, leaving to survive him a daughter, Jessie Wolfe Christiansen, and a son, Zadoc Wilson Wolfe.

The aforesaid Jessie Wolfe Christiansen died July 23, 1958, leaving to survive her two children, to wit, Jessie Ann Ranstead and William M. Christiansen.

It appears by stipulation that Zadoc Wilson Wolfe, son of Jacob S. Wolfe, predeceased Nora E. Wolfe, leaving to survive him a daughter, Mrs. Jean Wolfe Homer.

By the terms of decedent's will decedent provided:

"And Lastly, I do nominate, constitute and appoint my wife, Nora E. Wolfe, Executrix of this my last Will and Testament, and upon her death, I do nominate, constitute and appoint the Farmers and Mechanics Trust Company, of West Chester, Pennsylvania, Executor of this my will; and in order to carry out my intention, and for the purpose of effecting and completing the terms of the above mentioned lease and option, I do hereby authorize, empower and direct my Executrix or Executor, as the case may be, to unite with the

---

[1] The above misstatement was an oversight.

owner or owners of the other undivided one half interest in said property in Altoona, Pennsylvania, and to make, execute, acknowledge and deliver to said lessee above named, or to his heirs or assigns, a good and sufficient deed of conveyance for said premises, the same as I could do, if living; and in the event that said option as above mentioned is not carried out, then I do authorize, empower and direct my Executrix or Executor, as the case may be, to sell my interest in said premises at public or private sale and to make, execute and deliver good and sufficient deed of conveyance to the purchaser thereof."

Decedent's undivided interest in the premises 1325 Eleventh Avenue, Altoona, was not sold during the lifetime of Nora E. Wolfe, surviving spouse.

The Farmers and Mechanics Trust Company of West Chester, and its successor by merger the Chester County Trust Company, having been liquidated many years ago, on October 30, 1958, letters of administration d. b. n. c. t. a. were granted to the Altoona Trust Company, now Altoona Central Bank and Trust Company.

### Discussion

Able and equally diligent counsel for the parties in interest have submitted comprehensive and exhaustive briefs and reply briefs in support of their respective contentions, all of which have been carefully examined and reviewed by this court.

The primary question, in the opinion of the court, is whether the bequest of $10,000 to Nora E. Wolfe in clause 2 vested on the death of testator and/or upon the termination of an existing lease.

In considering this question the last three paragraphs of decedent's will must be considered together.

Decedent, owning an undivided one-half interest in real estate, then under lease and under which lease there was an outstanding option to purchase, provided in his will:

"That upon the termination of said lease and upon the sale of said premises *either* to said lessee . . . under the . . . option *or to some other person or persons* that the net *proceeds* from the sale . . . shall be disposed of . . . unto my wife . . . the sum of $10,000. free and clear of inheritance tax . . . . the *balance* . . . . in trust . . . . and to pay the income to my wife for life and upon her death . . . the principal thereof to my heirs at law . . . and in the event of my wife's death before the termination of the . . . lease then the rents and income to my brother and sisters . . . living at the time of my wife's death."

"All the rest, residue and remainder of my estate . . . I give, devise and bequeath unto my wife, Nora E. Wolfe, absolutely."

"Lastly I do nominate, constitute and appoint Nora E. Wolfe executrix . . . in order to carry out my intention and for the purpose of effecting and completing the terms of the . . . lease option, I do hereby authorize, empower and *direct* my executrix or executor . . . to unite with the owner or owners of the other undivided one-half interest in said property . . . to make, execute, acknowledge and deliver to said lessee . . . or his heirs or assigns, a good and sufficient deed of conveyance to said premises . . . and in the event that said option . . . is not carried out then I do authorize, empower and *direct* my executors or executor . . . to sell my interest in said premises at public or private sale . . ."

Decedent's wife survived the termination of the "Brett" lease by many years.

Instead of then complying with the further provisions of the will in the last paragraph thereof, by the terms of which Nora E. Wolfe was "authorized, empowered and *directed*" to sell the interest of decedent in said premises, to execute and deliver a good and sufficient deed therefor, she, Nora E. Wolfe, then being

entitled to her legacy of $10,000 and the income from the balance, elected to join with the co-owner of said premises in a new lease through a common agent, the Altoona Trust Company.

Counsel for the issue of decedent's deceased brothers and sisters state the question of law involved to be:

"Did Nora E. Wolfe, decedent's widow, have to survive the date of the sale of the premises in order to receive the $10,000 bequest in Paragraph Second of decedent's Will?"

It is their contention that the interest of Nora E. Wolfe in the said $10,000 was contingent upon the sale of the premises and her survival of the date of the sale.

They cite as authority the illustration stated in A. L. I. Restatement of the Law of Property, §249, comment *g*.

They further cite Engle's Estate, 167 Pa. 463 (1895) ; Hood's Estate, 323 Pa. 253 (1936) ; Thompson Trust, 363 Pa. 85, (1949).

The illustration which they note and the cases which they cite contain as requirements conditions personal to the legatee and in each instance construed to be a condition precedent.

Engle's Estate contains a condition, "When they shall respectively attain the age of Nineteen years."

Hood's Estate declared on page 260, that "a limitation over after termination of an estate for life must be construed as vesting the estate in the persons entitled at the termination of the estate for life and not be construed as meaning the person or persons who are the heirs or next of kin of the donor at the time the testator died."

In Thompson Trust, the late learned Justice Allen M. Stearne stated the law to be:

"Whether the interest of the great grandaughter was vested or contingent depends upon whether the language of the deed is construed to convey an absolute

remainder to her or merely postpones its enjoyment until the great granddaughter had attained 21 years (in which event it is vested) or whether the grant is intended to be effective only in the event that the great granddaughter survived her mother and attained 21 years (in which event it is contingent).

"An examination of the language discloses that there are no express words of gift independent of the direction and time for transfer. The gift is necessarily implied solely from the direction to transfer. As the implied gift is inseparable from the direction to transfer, it necessarily partakes of the quality of the direction. This renders the grant to the great granddaughter contingent."

The only condition attached to the legacy to Nora E. Wolfe is that she should survive the termination of the "Brett" lease, which she did.

Counsel for the estate of decedent's surviving spouse contend that Nora E. Wolfe received under decedent's will a present gift of income during the term of the outstanding lease and also $10,000 at the termination of the lease and, in addition thereto, a life estate in the balance of the proceeds of sale above $10,000.

Their contention is based upon the legal conclusion that the will created a present vested interest in Nora E. Wolfe to the extent of $10,000, payable at the termination of the lease and the sale of the premises then directed to be made.

They contend that the doctrine of equitable conversion is that equity regards as done that which the testator intends shall be done, and that conversion being a question of intention where the intention clearly appears from the four corners of the will, it is as effective a conversion as though the order was explicitly given.

In the instant case, the concluding paragraph of the will specifically provides "in the event that said option . . . is not carried out, then I do authorize, empower

and *direct* my executrix or executor . . . to sell my interest in said premises at public or private sale and to make, execute and deliver a good and sufficient deed of conveyance to the purchaser thereof."

It is contended on behalf of the estate of Nora E. Wolfe that where there is a direction to divide the proceeds from the sale of real estate to accomplish the purpose of testator, the conclusion is inescapable that a conversion results although no sale actually takes place for some years after the death of testator.

This court is of opinion that Bahn's Estate, 57 Pa. Superior Ct. 457 (1914), and Bergdoll's Estate, 258 Pa. 108 (1917), are authority for the legal propositions advanced on behalf of the estate of Nora E. Wolfe.

### Conclusions of Law

No uncertainty exists in the mind of the court either as to the intentions of testator or the proper construction of his will.

Under the terms of decedent's will, Nora E. Wolfe, decedent's spouse, was bequeathed, inter alia, a "remainder interest."

The remainder interest of Nora E. Wolfe, by whatever terminology described,[2] was, at most, subject to the condition precedent that she should survive the

---

[2] NOTE ON TERMINOLOGY: The term "vested remainder" designates, generically, remainders of the three categories enumerated in Clauses (a), (b) and (c). The term "contingent remainder" is frequently used to designate a remainder subject to a condition precedent (see Clause (d)). This term is not used in this Restatement for two reasons. In the first place, the term "contingent remainder" has been used too frequently in a loose manner to designate any remainder involving an uncertainty. It has thus become uncertain as to its exact meaning when used. In the second place the substantial identity of executory interests and this variety of remainder is made more obvious by speaking of both such interests as being "subject to a condition precedent": Restatement of the Law of Property §157.

termination of the "Brett" lease, at which time decedent's interest in the real estate from which she had been entitled to the income, was *directed* to be sold and from the proceeds Nora E. Wolfe was bequeathed "ten thousand dollars free and clear of inheritance tax." (Italics supplied.)

As stated in Bahn's Estate, 57 Pa. Superior Ct. 457, 464, the authorities clearly point to the conclusion that the provisions of the will directing that $10,000 from the proceeds of the sale of this real estate when sold, after the termination of the "Brett" lease, should be paid to Nora E. Wolfe, constituted "a vested legacy subject to *no* condition. The provisions of the will worked an equitable conversion of this real estate, the property has been sold, in accordance with the intention of the testator, and the proceeds should be distributed according to the provisions of her will."